IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

       v.

GEORGE MUZIO JR,

            Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Case No.   1:17-CR-37 (MAD)

GOVERNMENT'S SENTENCING
MEMORANDUM

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the Court sentence the defendant GEORGE MUZIO JR. to a term of imprisonment that takes into account the 15-year minimum term of imprisonment that the Court must impose, and that falls within the advisory U.S. Sentencing Guidelines' ("U.S.S.G." or the "Guidelines") range of imprisonment, followed by lifetime supervised release.

## I.

## INTRODUCTION

On July 9, 2018, the defendant, pursuant to a written plea agreement, entered pleas of guilty to all nine counts of a nine-count superseding indictment, charging him with two counts of Sexual Exploitation of a Child, in violation of 18 U.S.C. §§ 2251(a) and (e) (Counts 1 and 2); six counts of Distribution of Child Pornography, in violation of 18 U.S.C. §2252A(a)(2)(A) Counts 3 through 8); and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) (Count 9).   The defendant is scheduled to be sentenced on December 17, 2018.

## II.

## PRESENTENCE INVESTIGATION REPORT

**1.      Factual Findings**

The government concurs with the description of the offense conduct and behavior set forth in the Presentence Investigation Report ("PSIR") in paragraphs 3-69, and has no objections to those findings.

## III.

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.      Statutory Maximum and Minimum Sentences**

Counts 1 and 2

The defendant's convictions on each of counts 1 – 2 of the Superseding Indictment subject him to a statutory minimum term of imprisonment of 15 years, and a statutory maximum term of 30 years imprisonment per count. 18 U.S.C. § 2251(e); PSIR ¶ 139.   In addition, each count carries with it a mandatory term of supervised release of at least 5 years, and up to life, 18 U.S.C. § 3583(k), PSIR ¶ 145; and a fine of up to $250,000. 18 U.S.C. § 3571; PSIR ¶ 150.

Counts 3 through 8

The defendant's convictions on each of counts 3 – 8 of the Superseding   Indictment subject him to a statutory minimum term of imprisonment of 5 years, and a statutory maximum term of 20 years imprisonment per count. 18 U.S.C. § 2252A(b)(1); PSIR ¶ 139.   In addition, each count carries with it a mandatory term of supervised release of at least 5 years, and up to life, 18 U.S.C. § 3583(k), PSIR ¶ 145; and a fine of up to $250,000. 18 U.S.C. § 3571; PSIR ¶ 150.

Count 9

The defendant's convictions on count 9 of the Superseding Indictment subject him to a statutory maximum term of 20 years imprisonment per count. 18 U.S.C. § 2252A(b)(2); PSIR

¶ 139.   In addition, this count carries with it a mandatory term of supervised release of at least 5 years, and up to life, 18 U.S.C. § 3583(k), PSIR ¶ 145; and a fine of up to $250,000. 18 U.S.C. § 3571; PSIR ¶ 150.

## 2.   Guidelines Provisions

### a.   Offense Level

The government adopts, without qualification, the Guidelines calculation set forth in the PSIR, resulting ultimately in a Total Offense Level of 43. PSIR ¶¶ 83-114.

### b.   Acceptance of Responsibility

The government moves for an additional one-level downward adjustment pursuant to U.S.S.G. § 3E1.1(b) to credit the defendant for having "timely notified authorities of his intention to enter a plea of guilty, thereby permitting the U.S. Attorney's Office to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." PSIR ¶ 113.

### c.   Criminal History Category

According to the presentence report, the defendant's criminal history category is I. PSIR ¶ 115-119.   The government agrees with the Probation Office's determination of the defendant's criminal history category.

### d.   Guidelines Range and Sentence

As described above, the defendant's total offense level is 43 and his criminal history category is I.   As a result, the Guidelines advise that the defendant receive a sentence of life imprisonment.   However, because the statutorily authorized maximum sentences are less than life; therefore, the guideline range is 6,000 months. U.S.S.G. §5G1.2(b); PSIR ¶ 140.

The Guidelines and statutory term of supervised release is no less than 5 years, and up to life, and the Guidelines recommend lifetime supervision. PSIR ¶ 145-147.

3.      **Forfeiture**

As set forth in the Forfeiture Allegation of the Superseding Indictment, the defendant shall forfeit to the United States all of his right, title and interest of any nature in any and all assets that are subject to forfeiture, pursuant to 18 U.S.C. §2253; PSIR ¶ 155.   That forfeiture includes the following:

(1) An Acer laptop computer bearing serial number LXPY90207/05/0E/562000.

4.      **Restitution**

Per defense counsel, the defendant has assented to an order of restitution in the requested amount of $10,000 on behalf of the victim "Chelsea" in the identified series "2Crazygurls."

## IV.

### GOVERNMENT'S SENTENCING RECOMMENDATION[1]

For all of the reasons set forth herein, the government maintains that a Guidelines sentence is warranted, and not greater than necessary to comply with the purposes of sentencing. 18 U.S.C. § 3553(a).   The record reveals no mitigating factor not adequately considered by the Sentencing Commission that would remove this case from the "mine-run" of similar cases in considering the Guidelines sentence, *see Rita v. United States*, 551 U.S. 338, 352 (2007), nor any factor that would suggest that anything but a Guidelines sentence is warranted for this defendant.

As an initial matter, the sheer scope of the defendant's exploitation of vulnerable young

---

[1]   The Government reserves the right to respond to defense arguments raised for the first time after the filing of this memorandum.   Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond. *See* Fed R. Crim. P. 32(i)(1)(c), 32 (h).

Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

girls via the Internet using his iPhone and the Kik instant messaging application, is overwhelming. The damage inflicted on the 14 documented victims (including the two charged in the superseding indictment) who the defendant manipulated, coerced and/or enticed to take and send him naked and sexually explicit pictures of themselves will impact them for the rest of their lives.[2]

The victims lived in various locations across North America, one lived in Australia, and their ages ranged from eleven to seventeen years old.   The majority were between thirteen and fourteen years old at the time that they were in communication with the defendant.   In his text-message communications with the various underage girls, Muzio claimed to be a teenage boy named "Junior," despite having been born in July 1981, and repeatedly requested, and received, naked photographs from each of the thirteen girls and videos from some of them as well. PSIR ¶ 17.

Of note, in an apparent attempt to obtain sympathy from the minors to induce them to produce and send him pornographic images of themselves, the defendant told many of the minors with whom he communicated that he was suffering from cancer and was undergoing surgery to remove cancerous tumors.   For example, he told one girl, "it was in remission when I was 12…but it just came back," and told another it was detected after he broke his collar bone.   Often, he utilized his false assertions that he was undergoing cancer removal surgery the following day to induce minors to produce pornographic images and videos of themselves so he could "relax" prior to his surgery. PSIR ¶ 18.

---

[2] The defendant acknowledged to Probation that he utilized other instant messaging applications in addition to Kik, to communicate with minor females ranging in age from eleven to seventeen, and further admitted that he induced most of them to undress or engage in sexually explicit conduct.   Overall, Muzio estimated over a period of four to five years he communicated with *over 100 minors online, and estimated over seventy-five of those conversations were sexual* in nature. PSIR ¶ 75.

Another factor in aggravation is the fact that the defendant traded the images and videos he obtained from his victims with at least two other Kik users without the knowledge of the victims. The defendant and the other users also traded the usernames of girls from whom they had obtained sexual images and videos, and gave each other suggestions for ways to approach the girls online so that the others could contact and proposition the victims for additional images and videos. PSIR ¶ 52.

The government is particularly troubled by the fact that, while reviewing the electronic media seized from the defendant's residence, investigators discovered that six DVDs had hundreds of video clips of an adolescent female, later identified as the minor daughter of the defendant's neighbors, who was determined to be between fourteen and sixteen years old at the time the videos were taken.   The videos of the teenager were taken from the second floor front and side windows of the defendant's residence, depict the girl exiting her residence, entering her family's cars, and walking back to her residence, and are focused on her breast and buttocks areas. PSIR ¶ 69.

Of the "sentencing purposes" set forth in 18 U.S.C. § 3553(a), the government submits that the purpose most relevant to the instant case is set forth in in sub-section (2)(C) of the above code section, which explains that a sentence needs "to protect the public from further crimes of the defendant."   In this case, the defendant's charged conduct evinces his abiding sexual interest in young female children – an interest that was put into action by the defendant over the Internet and in his own neighborhood – that resulted in a pattern of activity involving the sexual abuse of approximately 75 minors by the defendant's own admission.

## V.

### CONCLUSION

The government maintains that all of the facts set forth above, and in much greater detail in the PSIR, present this Court with ample reason to impose a Guidelines sentence "as opposed to some lower sentence," to "deter an offender like [the defendant]," and that such a sentence is not only reasonable, but warranted, and clearly, applying the Guidelines with "great care," justified. *United States v. Dorvee*, 616 F.3d 174, 184 (2d Cir. 2010).    It is also a sentence that at least begins to address the seriousness of the defendant's offenses and the great harm they have inflicted upon the children that the defendant so selfishly, gratuitously, and intentionally, victimized.

Respectfully submitted this 5th day of December, 2018.

GRANT C. JAQUITH
United States Attorney

By:    _____
Emmet O'Hanlon
Assistant United States Attorney
Bar Roll No. 519779

7