

United States Department of Justice

*United States Attorney*
*Northern District of New York*

| | |
|---|---|
| *445 Broadway, Room 218* | *Tel.: (518) 431-0247* |
| *James T. Foley U.S. Courthouse* | *Fax: (518) 431-0249* |
| *Albany, New York 12207-2924* | |

February 28, 2020

**VIA ECF**
Hon. Mae A. D'Agostino
United States District Judge
James T. Foley U.S. Courthouse
445 Broadway
Albany, NY 12207

Re:   *United States v. George Muzio, Jr.*
        Docket No. 1:17-CR-37 (MAD)

Dear Judge D'Agostino:

    I am writing this letter to bring to the Court's attention an error in the government's sentencing memorandum that the government filed in this matter on December 6, 2018. (Dkt. 53.)

    By way of background, on July 9, 2018, the defendant entered a plea of guilty to two counts of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a) and (e), six counts of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(b)(2).

    The statutory maximum penalties for the defendant's offenses of conviction are 30 years for each of the sexual exploitation counts, and 20 years for each of the receipt and possession of child pornography counts. *See* 18 U.S.C. §§ 2251(e), 2252A(b)(1) and 2252A(b)(2).

    As set forth in the Presentence Investigation report, the United States Probation Office (USPO) determined the defendant's United States Sentencing Guidelines (U.S.S.G. or "the Guidelines") total offense level to be 43, and his criminal history category to be I. (Dkt. 49 ¶¶ 114, 119.) An offense level of 43 and a criminal history category of I yields a Guidelines sentence of life. *See* U.S.S.G. Sentencing Table.

    In accordance with U.S.S.G. § 5G1.2(d),[1] the USPO explained that the Court was authorized to impose consecutive sentences on each of the counts of conviction in order to achieve the total punishment of life. (Dkt. 49 ¶ 140.) When doing so, the USPO stated that the total number of months to which the defendant could be sentenced was 6,000. *Id*. This was intended to represent, in months, the total of the statutory maximum sentences that could be imposed for each

---

[1] The PSIR erroneously refers to U.S.S.G. § 5G1.2(b). (PSIR ¶ 140.)

Page 2

of the counts of conviction if they were run consecutively. However, that total is actually 2,400 months (30 + 30 + 20 + 20 + 20 +20 + 20 + 20 +20 = 200 years), not 6,000 months (500 years).

    The government erroneously adopted this error in its sentencing memorandum. Specifically, it cited PSIR ¶ 140 for the proposition that "the guideline range is 6,000 months." (Dkt. 53.) I apologize for this error.

                            Respectfully submitted,

                            GRANT C. JAQUITH
                            United States Attorney

                By:    */s/ Emmet O'Hanlon*
                        Emmet O'Hanlon
                        Assistant United States Attorney
                        Bar Roll No. 519779

cc:    Lee C. Kindlon, Esq. (via ECF)